**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INLINE PLASTICS CORP., a Connecticut corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>EASYPAK, LLC a Massachusetts corporation,<br><br>                    Defendant. | JURY TRIAL DEMANDED<br><br>Civil Action No.: _____<br><br><br><br>Date: __August 17, 2011__ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Inline Plastics Corp. ("Inline Plastics"), by its undersigned attorneys, for its cause of action against Defendant, EasyPak, LLC. ("EasyPak"), states and alleges the following:

**THE PARTIES**

1.     Plaintiff, Inline Plastics, is a Connecticut corporation having its principal place of business at 42 Canal Street, Shelton, Connecticut 06484 and is engaged in the research, development, manufacture and sales of plastic containers.

2.     On information and belief, Defendant, EasyPak, is a Massachusetts corporation having its corporate headquarters located at 24 Jytek Drive, Leominster, Massachusetts, 01453 and is engaged in the manufacture and sales of plastic containers.

3.     This action is for patent infringement by EasyPak, and arises under the patent

laws of the United States, Title 35, United States Code.

4. On information and belief, EasyPak is, within the United States and within this judicial district and without authority, making, using, offering to sell, and/or selling plastic containers, such as the container marked with product identification number WT64-F-TE, which infringe one or more claims of Inline Plastics' U.S. Patent Nos. 7,073,680 ("the '680 patent) and/or U.S. Patent Nos. 7,118,003 ("the '003 patent").

## JURISDICTION AND VENUE

5. This Court has proper, original and exclusive jurisdiction over the subject matter of this action based on Title 28, United States Code, §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over EasyPak under Mass Gen. Laws. Ch 223A § 2.

7. Venue is proper in this Court under the provisions of Title 28, United States Code § 1400(b) and § 1391(b)-(c).

## THE PATENTS IN SUIT

8. On October 10, 2006, United States Letters Patent No. 7,118,003 ("the '003 patent"), entitled "Tamper Resistant Container with Tamper-Evident Feature and Method of Forming the Same" was duly and legally issued by the United States Patent and Trademark Office to Robert Sellari, Peter Boback, and Bruce Stein ("the '003 inventors"). The '003 inventors assigned the '003 patent to Inline Plastics by way of an assignment which was recorded with the United States Patent and Trademark Office on April 4, 2005 at reel/frame numbers 016419/0734. A copy of the '003 patent is attached hereto as Exhibit A. Inline Plastics currently marks its products which fall within the scope of the '003 patent with patent number 7,118,003.

9.      On July 11, 2006, United States Letters Patent No. 7,073,680 ("the '680 patent"), entitled "Tamper Resistant Container with Tamper-Evident Feature and Method of Forming the Same" was duly and legally issued by the United States Patent and Trademark Office to inventors Peter Boback, Robert Sellari, Bruce Stein, Daniel A. Landan, and Tadeusz J. Klimaszewski ("the '680 inventors").  The '680 inventors assigned the '680 patent to Inline Plastics by way of an assignment which was recorded with the United States Patent and Trademark Office on May 19, 2005 at reel/frame numbers 016577/0090.  A copy of the '680 patent is attached hereto as <u>Exhibit B</u>.  Inline Plastics currently marks its products which fall within the scope of the '680 patent with patent number 7,073,680.

10.     On information and belief, subsequent to the issuance of the '003 patent and/or the '680 patent, EasyPak began manufacturing, importing, selling, and/or offering for sale tamper resistant/evident containers that infringe the '003 patent and/or the '680 patent within this judicial district and elsewhere in the United States in violation of 35 U.S.C. § 271.  Photographs of samples of the currently accused EasyPak tamper resistant/evident containers are attached hereto as <u>Exhibit C</u>.  The containers are embossed with product identification number WT64-F-TE.

11.     Upon information and belief, EasyPak is selling the accused products to Satur Farms of Cutchogue, Long Island, New York, which had previously purchased Inline Plastics' containers covered by the '003 and/or '680 patents.

12.     Upon information and belief, EasyPak knew or should have reasonably known of the existence of the '003 and '680 patents, and despite such knowledge, EasyPak has continued to engage in activities that infringe the '003 and '680 patents in violation of 35 U.S.C. § 271 without lawful justification.  In a letter dated July 18, 2011, EasyPak acknowledges and is aware

of at least the '003 patent prior to the filing of this lawsuit.

13. Upon information and belief, EasyPak has, by its aforementioned infringement of the '003 and '680 patents, unlawfully derived substantial profits and gains that Inline Plastics would have otherwise received.

## COUNT I - INFRINGEMENT OF THE '003 PATENT

14. Plaintiff repeats and realleges Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

15. Defendant EasyPak has infringed and continues to infringe the claims of the '003 patent by making, offering for sale and/or selling tamper resistant/evident containers which infringe the '003 patent.

16. Upon information and belief, the acts of infringement alleged above are and have been deliberate, intentional and willful, and in actual and full knowledge of the existence of the '003 patent.

17. As a direct and proximate consequence of EasyPak's infringement of the '003 patent, Inline Plastics has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which Inline Plastics is entitled to injunctive relief and damages, as set forth in 35 U.S.C. §§ 281, 283 and 284.

## COUNT II - INFRINGEMENT OF THE '680 PATENT

18. Plaintiff repeats and realleges Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

19. Defendant EasyPak has infringed and continues to infringe the claims of the '680 patent by making, offering for sale and/or selling tamper resistant/evident containers which infringe the '680 patent.

20. Upon information and belief, the acts of infringement alleged above are and have been deliberate, intentional and willful, and in actual and full knowledge of the existence of the '680 patent.

21. As a direct and proximate consequence of EasyPak's infringement of the '680 patent, Inline Plastics has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which Inline Plastics is entitled to injunctive relief and damages, as set forth in 35 U.S.C. §§ 281, 283 and 284.

## DEMAND FOR JURY TRIAL

22. Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Inline Plastics demands trial by jury on all claims asserted herein.

## PRAYERS FOR RELIEF

23. WHEREFORE, Plaintiff requests judgment in its favor, including:

A. A finding that EasyPak has infringed the '003 patent in violation of 35 U.S.C. § 271;

B. A finding that EasyPak has infringed the '680 patent in violation of 35 U.S.C. § 271;

C. A finding that EasyPak's infringement of the '003 and '680 patents has been willful;

D. A permanent injunction enjoining and restraining EasyPak, its officers, agents and servants, employees, and attorneys, parents and subsidiaries, and other persons in active concert or participation with EasyPak, from further infringing the '003 and '680 patents, and from making, using, selling, importing, offering for sale, or licensing any and all products that infringe either or both the '003 and '680 patents;

E.  An award of Plaintiff's damages proximately caused by EasyPak's unlawful acts, said damages including lost profits caused by infringement of the '003 and/or '068 patents;

F.  An award of increased damages and punitive damages for the willful nature of EasyPak's unlawful acts, the award equal to at least three times the amount of Plaintiff's actual damages pursuant to 35 U.S.C. §284 or as otherwise permitted by law;

G.  An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

H.  An award assessment of interest and costs against defendant; and

I.  An award of such other and further relief that this Court deems just and proper.

Dated: August 17, 2011

PLAINTIFF, INLINE PLASTICS CORP.
BY ITS ATTORNEYS
EDWARDS ANGELL PALMER & DODGE LLP

By: _____/s/ David Cotta_____
David Cotta (BBO # 672206)
dcotta@eapdlaw.com
Edwards Angell Palmer & Dodge LLP
Attorneys for Plaintiff
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4420

STM 317451.1