**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CENTRAL DIVISION**

**INLINE PLASTICS CORP.,**

    a Connecticut corporation,

                        Plaintiff,

vs.

**EASYPAK, LLC,**

    a Massachusetts corporation,

                        Defendant.

C.A. No. 4:11-CV-11470-TSH

**MEMORANDUM IN SUPPORT OF INLINE PLASTICS CORP.'S MOTION FOR
ENTRY OF JUDGMENT OF NON-INFRINGEMENT AND TO DISMISS
DEFENDANT'S COUNTERCLAIMS OR, IN THE ALTERNATIVE, ENTER FINAL
<u>JUDGMENT ON INLINE'S INFRINGEMENT CLAIM UNDER RULE 54(B)</u>**

       This Court's Claim Construction Order (ECF 47) construed the claim terms "frangible

section/frangible section which upon severing" and "tamper evident bridge" to require "a

removable tear strip, delimited by at least two severable score lines."  ECF No. 47 ("Markman

Order").  That construction is dispositive on the issue of infringement for each asserted claim

reciting those limitations, and all parties agree that judgment of non-infringement on those

claims should enter.[1]

---

[1] The claims asserted in Inline's February 24, 2012 Disclosure of Asserted Claims and Infringement Contentions
were claims 1-3, 7, 9, 17, 18, 21 and 25 of U.S. Patent No. 7,118,003 (the "'003 patent") and claims 1-9, 17-23, 25
and 27 of U.S. Patent No. 7,073,680 (the "'680 patent").  In view of certain discovery and following an unsuccessful
mediation, for the purposes of judicial economy, Inline is withdrawing the '680 patent from suit, granting EasyPak a
covenant not to sue.  Thus the only claims now at issue are 1-3, 7, 9, 17, 18, 21, and 25 of the '003 patent, each

In many cases, following a claim construction that is dispositive on non-infringement of claims covering the key commercial features of an accused product, the parties will agree to a stipulated entry of judgment in order to facilitate an immediate appeal of that claim construction to the Federal Circuit.  Here, while Defendant, EasyPak ("Defendant" or "EasyPak") has agreed to entry of judgment of non-infringement under this Court's constructions, it has refused all reasonable efforts to expedite appeal of those disputed and likely dispositive claim constructions. Thus, with mediation efforts unsuccessful and an imminent deadline to submit expert reports, Inline Plastics Corp. ("Inline")  is left in an untenable position: to go through the motions of expert discovery and trial when the primary issue dictating the parties' adverse legal relationship has effectively been decided and is ripe for appeal.

Therefore, in view of this Court's Claim Construction Order (ECF 47), which Plaintiff, Inline respectfully submits is in error but to which it is nonetheless bound pending an appeal to the Federal Circuit – for the purposes of judicial economy and conserving the parties' and the Court's resources – all parties agree that the "frangible section/frangible section which upon severing" and "tamper evident bridge" limitation, as construed to mean "a removable tear strip, delimited by at least two severable score lines," is not present in the accused products manufactured by EasyPak, and that judgment of non-infringement on the asserted claims of the '003 patent should enter.  Accordingly, Inline moves for entry of judgment of non-infringement of the asserted claims of the '003 patent (recognizing Inline's express reservation of rights to seek appellate review of this Court's claim construction) on Count I (infringement of the '003

---

reciting the contested "frangible section/frangible section which upon severing" or "tamper evident bridge" limitation.

patent) and dismissal of Counterclaim Count II (counterclaim for invalidity of the '003 patent), without prejudice, pending the outcome of Inline's appeal to the Federal Circuit, or , alternatively, entry of judgment under Rule 54(b) and a stay of Counterclaim Count II.  And, having granted EasyPak a covenant not to sue on the '680 patent, Inline also moves for dismissal of Count II (infringement of the '680 patent) and Defendant's Counterclaim Count I (counterclaim for for declaratory judgment of invalidity of the '680 patent).

EasyPak's demand to immediately litigate its counterclaims would, at best, result in an advisory opinion and result in an immense waste of time and resources whatever the outcome. In the event this Court's claim construction is affirmed by the Federal Circuit, Defendant's invalidity counterclaims for invalidity would be entirely moot.  Alternatively, in the event that this Court's claim construction is reversed by the Federal Circuit, the parties and this Court would have to relitigate those same invalidity issues under the new claim construction mandated by the Federal Circuit, resulting in an immense waste of time, money and resources for each of the parties and the Court.  This Court should, therefore, exercise its discretion to expedite the appellate review of its current claim construction and dismiss the Defendant's counterclaims without prejudice.  In the alternative, Inline requests that the Court enter a final judgment of non-infringement on Inline's claim of patent infringement, with a determination that there is no just reason to delay an appellate review under Federal Rule of Civil Procedure 54(b) and stay further proceedings on the Defendant's counterclaims.

## BACKGROUND

On August 18, 2011, Inline filed its Complaint against EasyPak for infringement of the patents-in-suit covering, *inter alia*, tamper-resistant containers with tamper-evident features. ECF 1.  On November 2, 2011, EasyPak filed an Answer and Counterclaim to Inline's

Complaint alleging that each of the asserted patents is "invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112."  ECF 11 at 4. Inline filed a reply to EasyPak's Counterclaim on November 22, 2011.  ECF 13.  In its infringement contentions of February 24, 2012, Inline asserted claims 1-3, 7, 9, 17, 18, 21 and 25 of the '003 patent and claims 1-9, 17-23, 25 and 27 of the '680 patent against EasyPak based on EasyPak's activities manufacturing, selling, importing and/or offering for sale tamper resistant/evident containers identified with the product identification number WT64-F-TE ("EasyPak accused containers").  ECF 22.  In view of Inline's Covenant Not to Sue (Exhibit A)[2] with respect to the '680 patent; only the '003 patent remains at issue with the following claims asserted: claims 1-3, 7, 9, 17, 18, 21, and 25 (collectively, the "asserted claims").

On January 22, 2013, this Court issued its Memorandum and Order on Claim Construction ("Claim Construction Order") and construed, *inter alia,* the terms "frangible section/frangible section, which upon severing"  in claims 2, 4, 5, 10, 13-14, 17 and 20-23 of the '003 patent to mean: "a removable tear strip, delimited by at least two severable score lines." ECF 47 at 6, 13.  The Court also construed the term "tamper evident bridge" in claims 1, 2 and 24 of the '003 patent to similarly require "a structure that connects the lid and base portions of the container and also contains a removable tear strip, delimited by at least two severable score lines[.]"  *Id.* at 17.  It is undisputed that judgment of non-infringement of the asserted claims of the '003 patent should enter in view of this Court's constructions requiring "a removable tear

---

[2] After the suit was filed, EasyPak redesigned its accused products, and provided samples to counsel for Inline.  In the interests of expediency and to facilitate immediate appellate review of what is the key dispute among the parties – the claims of the '003 patent affected by this Court's Claim Construction Order – Inline withdrew the '680 patent from this suit on October 9, 2013 by providing EasyPak with a permanent and irrevocable covenant not to sue on the '680 patent with respect to the accused products manufactured, sold, offered for sale and/or imported into the United States by EasyPak.  Exhibit A.

strip, delimited by at least two severable score lines." *Id.* at 13.  With mediation unable to resolve the parties' dispute and expert discovery deadlines fast approaching, Inline thus seeks entry of judgment of non-infringement of the '003 patent, while preserving its rights to appeal this Court's Claim Construction Order to the Federal Circuit.

But while EasyPak's counsel stated that EasyPak is amenable to entry of summary judgment of non-infringement of the '003 patent, in view of this Court's Claim Construction Order; it appears that EasyPak will oppose Inline's request to dismiss EasyPak's counterclaims without prejudice and/or certify judgment under Rule 54(b).

Inline submits that continuing to litigate EasyPak's Counterclaims makes little sense given that: (1) those counterclaims are now moot and will remain so should the Federal Circuit affirm the Court's Claim Construction Order, and (2) EasyPak's approach will only lead to duplicative litigation in the event the Federal Circuit modifies the Court's Claim Construction Order and remands the case back to this Court.  Either way, EasyPak's desire to litigate its invalidity positions at this time would create a substantial and unnecessary waste of the parties' and the Court's resources.  Inline therefore requests that the Court streamline this litigation by granting judgment of non-infringement of the '003 patent and either dismiss EasyPak's counterclaims without prejudice or, alternatively, stay EasyPak's counterclaims and certify this case under Rule 54(b) to allow for an immediate appeal of the Court's Claim Construction Order.

For the Court's reference, it is Inline's understanding that, following extensive attempts to resolve or reduce the issues in dispute with counsel for EasyPak, the relief requested in Section I (seeking entry of judgment of non-infringement of the asserted claims of the '003 patent) is UNOPPOSED, but that the relief requested in Section II (seeking dismissal or stay of EasyPak's invalidity counterclaims) will be OPPOSED.

**ARGUMENT**

I.  **JUDGMENT OF NON-INFRINGEMENT OF THE '003 PATENT IS APPROPRIATE UNDER THE COURT'S CLAIM CONSTRUCTION ORDER**

Inline's request for entry of judgment of non-infringement in view of this Court's Claim Construction Order is done solely to allow entry of judgment on this one case-dispositive issue, and is premised on the express reservation of Inline's right to appeal the Court's Claim Construction Order to the Federal Circuit.  *Ventana Medical Sys., Inc. v. BioGenex Labs., Inc.*, 473 F.3d 1173, 81 (Fed. Cir. 2007) ("In light of the district court's construction of the claim term 'dispensing,' which appears in all of the asserted claims, Ventana stipulated to a judgment of non-infringement and reserved its right to appeal the district court's claim construction."); *cf. Hallco Mfg. Co. v. Foster,* 245 F.3d 1369, 1374 (Fed. Cir. 2001) ("[A] party may expressly reserve in a consent judgment the right to relitigate some or all issues that would have otherwise been barred between the same parties[.]").

While Inline respectfully asserts that this Court's construction of the terms "frangible section/frangible section, upon severing", and "tamper evident bridge" to require "a removable tear strip, delimited by at least two severable score lines" (ECF No. 47 at 13, 17) is in error, Inline is nonetheless bound by the Court's Claim Construction Order pending appeal to the Federal Circuit.  There is no dispute of fact, in view of this construction, that none of the EasyPak accused products embody a "removable tear strip, delimited by at least two severable score lines," and all parties agree to entry of judgment of non-infringement of the asserted claims of the '003 patent in view of those constructions.  *Tip Sys. LLC v. Phillips & Brooks/Gladwin, Inc.,* 529 F.3d 1364, 1379 (Fed. Cir. 2008) ("Under the 'all elements' rule, to find infringement, the accused device must contain 'each limitation of the claim, either literally or by an equivalent.'").

In view of the foregoing, and which relief EasyPak does not oppose, this Court should enter judgment of non-infringement of the asserted claims of the '003 patent based on the Court's construction of the terms "frangible section/frangible section, upon severing", and "tamper evident bridge" to require "a removable tear strip, delimited by at least two severable score lines."

## II.   DEFENDANT'S COUNTERCLAIMS ARE MOOT AND SHOULD BE DISMISSED

### A.   Entry of Judgment of Non-infringement of the '003 Patent Divests the Court of Subject Matter Jurisdiction Over EasyPak's Counterclaim for Invalidity

Where judgment of non-infringement should enter, EasyPak's counterclaims for non-infringement and invalidity of the patents-in-suit are moot.  This Court is, therefore, divested of subject matter jurisdiction over EasyPak's counterclaims, which should be dismissed without prejudice.  The recent *Superior Industries, LLC v. Masaba, Inc.,* decision, arising out of analogous operative facts, is instructive:

> Here, the Court finds that no case or controversy remains in light of the Court's issuance of summary judgment on Superior's patent infringement claims.  The entry of final judgment of non-infringement ends any dispute before the Court, and the Court properly dismisses [defendant]'s counterclaims as moot.

Civ. No. 10-764, 2013 WL 461541, at *2 (D. Minn. Feb. 7, 2013); *cf. Super Sack Manufacturing Corp. v. Chase Packaging Corp.,* 57 F.3d 1054, 1059 (Fed. Cir. 1995); *see also Transwitch Corp. v. Galazar Networks, Inc.,* 377 F. Supp. 2d 284, 292 (D. Mass. 2005) (noting that the Declaratory Judgment Act requires an "actual controversy" between the parties and that "this jurisdictional predicate must exist at all stages of review, not merely at the time the complaint is filed.") (citing *Super Sack,* 57 F.3d at 1058).

Here, entry of judgment of non-infringement effectively removes any "real and immediate injury" or "threat of future injury" to EasyPak, absent modification of the Court's

Claim Construction Order on appeal.  And should this Court's Claim Construction Order be affirmed by the Federal Circuit, Inline acknowledges that it would be precluded from any further action against EasyPak for infringement of the asserted claims based on EasyPak's manufacture, use, sale, offer for sale or importation in the United States of the accused products.  Therefore, so long as this Court's Claim Construction Order remains the law of the case, and judgment of non-infringement enters, this Court no longer has subject matter jurisdiction over EasyPak's counterclaims.  *See Organic Seed Growers & Trade Assn. v. Monsanto Co.,* 718 F.3d 1350, 1357-58 (Fed. Cir. 2013) (holding that despite not being a covenant not to sue, plaintiffs representations disclaiming any intent to sue defendants based on operative facts removed Declaratory Judgment Act jurisdiction).

Even, assuming *arguendo*, the Court determines that it has subject matter jurisdiction over EasyPak's invalidity counterclaims (which it should not), the Court should exercise its discretion to dismiss those counterclaims without prejudice as a matter of judicial efficiency and economy.  "A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion."  *Liquid Dynamics Corp. v. Vaughan Co.*, Inc., 355 F.3d 1361, 1371 (Fed. Cir. 2004) (holding that the district court's judgment of non-infringement mooted the defendant's counterclaims of invalidity and unenforceability); *Nystrom v. TREX Co., Inc.,* 339 F.3d 1347, 1350–51 (Fed. Cir. 2003) ("[T]he district court could have dismissed the [invalidity and unenforceability] counterclaim without prejudice ... following the grant of summary judgment of non-infringement."); *Phonometrics, Inc. v. Northern Telecom Inc.,* 133 F.3d 1459, 1468 (Fed. Cir. 1998) ("[A] district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement."); *Fina Research, S.A. v.*

*Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir.1998) ("[E]ven if there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction rests within the sound discretion of the district court.") (citation omitted); *see Superior Indus., LLC*, 2013 WL 461541, at *2.  And "in deciding whether to entertain an action for declaratory judgment, a court is to consider (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Fleisher v. Phoenix Life Ins. Co.,* 858 F. Supp. 2d 290, 301 (S.D.N.Y. 2012)) (internal quotation marks citations omitted); *accord JJCK, LLC v. Project Lifesaver Intl.,* No. 10-930-LPS., 2011 WL 2610371, at *6 (D. Del. July 01, 2011); *Noll v. eBay, Inc.,* 282 F.R.D. 462, 469 (N.D. Cal. 2012).

Dismissal of counterclaims for patent invalidity without prejudice is especially appropriate where an appeal of a disputed claim construction to the Federal Circuit would affect the litigation of those invalidity contentions.  It is axiomatic that the same claim construction must be applied to both the infringement and invalidity analyses.  *See Amazon.com v. Barnesandnoble.com,* 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement).  Permitting EasyPak to litigate its counterclaim for invalidity of the '003 patent following entry of judgment of non-infringement would succeed only in advancing a controversy that might easily be avoided altogether.  In fact, permitting EasyPak to proceed with its counterclaim prior to an appeal of the Court's Claim Construction Order would likely necessitate duplicative trials *and* appeals.  For example, whatever the outcome of EasyPak's counterclaims at trial, were the Federal Circuit to modify this Court's claim constructions, this Court would likely have to retry the invalidity counterclaims under the new claim construction mandated by the Federal Circuit.  *Superior Indus., LLC,* 2013 WL

461541, at *2 (dismissing invalidity counterclaims as moot, holding "[s]hould the Federal Circuit reverse the court's claim construction, the issue of validity will be evaluated under the corrected claim construction.").  On the other hand, were this Court to dismiss EasyPak's counterclaims, and the Federal Circuit affirm the Claim Construction Order, the case would be done and no trial on EasyPak's counterclaims would ever have burdened the Court's docket.  *Schering Corp. v. Amgen, Inc.,* 35 F. Supp. 2d 375, 378 (D. Del. 1999) (noting that agreed judgment of non-infringement should be entered while dismissing defendant's counterclaim because if the Federal Circuit reversed the claim construction "[t]he trial following the parties' motion for summary judgment of non-infringement presently contemplated by [defendant] would have been a complete waste of time and effort, both at the trial and on review at the appellate level.").  And either way, dismissal would avoid duplication of expert discovery (necessarily under disparate claim constructions, were the case to be remanded) as no expert disclosures or depositions have yet occurred.

Thus, when faced with the same or substantially similar scenarios involving a claim construction order that is effectively dispositive of the issue of infringement, district courts commonly dismiss an accused infringer's counterclaims for invalidity and/or unenforceability without prejudice pending appeal of that disputed claim construction to the Federal Circuit.  *See e.g., Mangosoft, Inc. v. Oracle Corp.*, 482 F. Supp. 2d 179, 181 (D.N.H. 2007) ("[T]he court concludes that the most prudent way to resolve this matter, and the most cost-effective way for the parties, is to dismiss [defendant]'s counterclaim, without prejudice."); *Liquidnet Holdings, Inc. v. Pulse Trading, Inc.,* No. 07 Civ. 6886 (SAS), 2011 WL 2493526, at *1 (S.D.N.Y. June 22, 2011) (dismissing defendant's inequitable conduct counterclaim following the parties' motion for summary judgment of non-infringement); *Schering Corp.,* 35 F. Supp. 2d at 378;

*Amgen, Inc. v. Ariad Pharm., Inc.*, No. 06–259, 2008 WL 4487910, at *3 (D. Del. Oct. 3, 2008).

For example, the court in *Superior Industries* held that:

> The most efficient path forward is to allow the issue of validity to be analyzed after the appellate court considers an appeal.  Should the appellate court agree with the Court's claim construction, [defendant]'s products would not infringe the patents-in-suit; and should the Court's claim construction be reversed, the parties would have to retry both the infringement and invalidity claims.  Conducting further proceedings at this point on [defendant's] invalidity counterclaims would unnecessarily consume both the parties' and the Court's resources without clarifying or settling the legal issues between the parties.  Accordingly, the Court concludes that [defendant's] counterclaims are properly dismissed.

2013 WL 461541, at *2.

Simply put, with judgment of non-infringement rendering EasyPak's counterclaims for invalidity moot, litigation of those counterclaims would accomplish nothing other than a massive waste of the parties' and the Court's time and resources.  The Court (and the parties) would be far better served by dismissing EasyPak's counterclaims, which EasyPak can easily pick up where it left off, should the Federal Circuit modify and remand on claim construction.

### B. Inline's Covenant Not to Sue Independently Divests the Court of Subject Matter Jurisdiction Over EasyPak's Counterclaims on the '680 Patent

Inline's covenant not to sue on the '680 patent (Ex. A) both moots any controversy with respect to infringement of the '680 patent, and eliminates subject matter jurisdiction with respect to any remaining claims for declaratory judgment of patent invalidity.  *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343-49 (Fed. Cir. 2007) (applying *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) to affirm dismissal of counterclaim for invalidity in view of covenant not to sue); *see also Janssen Pharmaceutica, N.V. v. Apotex, Inc.*, 540 F.3d 1353, 1363-64 (Fed. Cir. 2008).  Lacking subject matter jurisdiction over Inline's claim for infringement along with EasyPak's counterclaims for declaratory judgment of invalidity of the '680 patent, Count II of Inline's Complaint (infringement of the '680 patent) and EasyPak's

11

Counterclaim Count I (invalidity of the '680 patent) should be dismissed. *Benitec*, 495 F.3d at 1343-49.

### III.   IN THE ALTERNATIVE, THE COURT SHOULD ENTER FINAL JUDGMENT UNDER RULE 54(B)

Even if the Court declines to dismiss EasyPak's counterclaims without prejudice, the Court should stay EasyPak's counterclaims and certification of final judgment of non-infringement of the '003 patent for appellate review under Federal Rule of Civil Procedure 54(b).[3]  "Rule 54(b) authorizes 'an ultimate disposition of an individual claim entered in the course of a multiple claims action' in the 'interest of sound judicial administration.'" *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436-37 (1956); Fed. R. Civ. P. 54(b).  "[R]ule 54(b) 'treats counterclaims . . . like other multiple claims" and that a party could appeal a decision where a counterclaim—compulsory or permissive—remained pending if the district court made the Rule 54(b) certification.'" *Pause Tech. LLC, v. TiVo Inc.,* 401 F.3d 1290, 1294 n. 2 (Fed. Cir. 2005) (citing *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 452–53 (1956)); *see also Nystrom*, 339 F.3d at 1349–50.

A district court entering a Rule 54(b) judgment must determine that there is both: (1) a final judgment that provides an ultimate disposition on a "cognizable claim for relief," and (2) "[no] just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7-8 (1980); *Medeva Pharma Suisse A.G. v. Par Pharmaceutical, Inc.,* 430 Fed. Appx. 878, 879 (Fed. Cir. 2011).  As discussed, *supra*, Inline requests entry of judgment of non-infringement of the

---

[3] Whether a judgment is sufficient to confer appellate jurisdiction under Rule 54(b) is a question of Federal Circuit law. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003).

patents-in-suit under an express reservation to appeal this Court's Claim Construction Order (which is dispositive on infringement) to the Federal Circuit.  Should the Court grant judgment of non-infringement, there will be a final judgment as to EasyPak.  *ImageCube LLC v. Boeing Co.*, No. 2010-1265, 2010 WL 3516198, at *1 (Fed. Cir. Sept. 09, 2010) ("It is undisputed that the order granting the defendant's motion for partial summary judgment of non-infringement renders this case final as to [defendant]".).  Thus, the Court would only need to determine whether in this case, there is any just reason to delay the appellate review of the Court's Claim Construction Order.  And here, there is no just cause for delay.  *Curtiss-Wright,* 446 U.S. at 7-8; *Intergraph*, 253 F.3d at 697 ("District courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b).").  As previously discussed, *supra*, delay of an appeal of this Court's Claim Construction Order to permit adjudication of EasyPak's counterclaims would, on the one hand, risk potentially a duplicative and wasteful trial on invalidity, or needlessly litigate an issue that is moot on the other.

Rule 54(b) has been used in similar situations for precisely this purpose.  *See, e.g.*, *Trading Technologies Intern., Inc. v. BCG Partners, Inc.,* 883 F.Supp.2d 772, 782-784 (N.D. Ill. 2012) (certifying case for appeal under Rule 54(b)*); In re Gabapentin Patent Litigation,* 503 F.3d 1254, 1264 (Fed. Cir. 2007) (approving district court's certification under Rule 54(b) where a review of the court's claim constructions and non-infringement rulings would advance the ultimate resolution of the litigation."); *ImageCube*, 2010 WL 3516198, at *1 (holding that the district court's order for partial summary judgment rendered that issue final and ready for appellate review under Rule 54(b)).  In fact, the Federal Circuit has even *invited* Rule 54(b) certifications *nunc pro tunc* in pending appeals that would have been not otherwise ripe for review.  *See, e.g.*, *Pause Technology LLC v. TiVo Inc.,* 401 F.3d 1290, 1291-92, 1295 (Fed. Cir.

13

2005) (inviting *nunc pro tunc* Rule 54(b) certification from this district); *Storage Tech., Inc.*, 329

F.3d at 829-830; *State Contracting & Engineering Corp. v. Florida,* 258 F.3d 1329, 1334-35

(Fed. Cir. 2001).  The Federal Circuit has also even allowed one such appeal to proceed where a

counterclaim potentially remained pending following a Rule 54(b) certification.  *Lava Trading,*

*Inc. v. Sonic Trading Management, LLC,* 445 F.3d 1348 (Fed. Cir. 2006) (noting that while it

was "troubled by the pending counterclaims and the absence of a detailed infringement analysis,

this court has jurisdiction under 28 U.S.C. § 1295(a)(1)" pursuant to the district court's Rule

54(b) certification.).

Finally, the parties in this case have recently emerged from an unsuccessful mediation.  If

nothing else, finality on claim construction from the Federal Circuit would at least provide a

better sense of clarity during any subsequent negotiations or settlement discussions.  *See Curtiss–*

*Wright Corp.*, 446 U.S. at 8 n. 2 (noting that the interest in facilitating settlement is itself a factor

in justifying a Rule 54(b) appeal).  As no just reason to delay a Federal Circuit review of the

Court's Claim Construction exists, a Rule 54(b) certification would be a prudent alternative in

the event the Court declines to dismiss EasyPak's invalidity counterclaims.

## CONCLUSION

To avoid waste of the parties' and the Court's time and resources, this Court should enter judgment of non-infringement of the asserted claims of the '003 patent (expressly reserving all rights to appeal the Court's Claim Construction Order to the Federal Circuit).  To promote judicial economy and aid in the speedy *final* disposition of this case, the Court should dismiss EasyPak's counterclaims without prejudice (which could be reinstated in the event the Federal Circuit remands on claim construction), or in the alternative, stay EasyPak's counterclaims and certify judgment of non-infringement based on the Claim Construction Order for immediate appeal to the Federal Circuit under Rule 54(b).

Dated: October 14, 2013

Respectfully submitted,
**PLAINTIFF INLINE PLASTICS CORP.**

 /s/ Adam P. Samansky
David J. Silvia (Pro Hac Vice)
dsilvia@edwardswildman.com
Barry Kramer (Pro Hac Vice)
bkramer@edwardswildman.com
EDWARDS WILDMAN PALMER LLP
201 Broad Street
Stamford, CT 06901
Tel. (203) 975-7505
Fax. (203) 975-7180

David Cotta (BBO # 672206)
dcotta@edwardswildman.com
Adam P. Samansky (BBO # 661123)
asamansky@edwardswildman.com
111 Huntington Avenue
Boston, MA 021199
Tel. (617) 239-0100
Fax. (617) 227-4420

AM 24256875

**CERTIFICATE OF SERVICE**

I, Adam P. Samansky, hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record as registered participants as identified on the Notice of Electronic Filing (NEF) on this 14th day of October, 2013

/s/ Adam P. Samansky

16