UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INLINE PLASTICS CORP., a Connecticut Corporation,<br><br>                      Plaintiff,<br><br>              v.<br><br>EASYPAK, LLC, a Massachusetts corporation,<br><br>                      Defendant. | C.A. No. 4:11-CV-11470-TSH |

**EASYPAK, LLC'S OBJECTION TO INLINE PLASTIC CORP.'S MOTION FOR ENTRY OF JUDGMENT OF NON-INFRINGEMENT AND TO DISMISS DEFENDANT'S COUNTERCLAIMS OR, IN THE ALTERNATIVE, ENTER FINAL <u>JUDGMENT ON INLINE'S INFRINGEMENT CLAIM UNDER RULE 54(b)</u>**

Defendant / Counterclaim-plaintiff, EasyPak, LLC ("EasyPak"), objects, in part, to Plaintiff / Counterclaim-Defendant, Inline Plastics Corp.'s ("Inline") Motion for Entry of Judgment of Non-Infringement and to Dismiss Defendant's Counterclaims or, in the Alternative, Enter Final Judgment on Inline's Infringement Claim under Rule 54(b) [Dkt. No. 65].

As grounds for this Objection, EasyPak relies on the Memorandum of Law filed herewith.

                                  EASYPAK, LLC

                                  By Its Attorneys,

                                  /s/ Craig M. Scott
                                  Craig M. Scott (BBO No. 556210)
                                  cscott@scottbushlaw.com
                                  Anastasia A. Dubrovsky (BBO No. 673950)
                                  adubrovsky@scottbushlaw.com
                                  Scott & Bush Ltd.
                                  One Turks Head Place, Fourth Floor
                                  Providence, RI 02903
                                  (401) 865-6035
                                  (401) 865-6039 Fax

Dated:  October 28, 2013

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 28th day of October, 2013, a true copy of the foregoing *Objection* was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including those listed below, and copies will be mailed to those indicated as non-registered participants.

    David Cotta, Esq.
    Adam P. Samansky, Esq.
    Edwards Wildman Palmer LLP
    111 Huntington Avenue
    Boston, MA 02199-7613

    David J. Silvia, Esq.
    Barry Kramer, Esq.
    Edwards Wildman Palmer LLP
    One Canterbury Green
    201 Broad Street
    Stamford, Connecticut  06901

        /s/ Craig M. Scott

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INLINE PLASTICS CORP., a Connecticut Corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>EASYPAK, LLC, a Massachusetts corporation,<br><br>             Defendant. | C.A. No. 4:11-CV-11470-TSH |

**MEMORANDUM OF LAW IN SUPPORT OF EASYPAK, LLC'S
OBJECTION TO INLINE PLASTIC CORP.'S MOTION FOR ENTRY OF JUDGMENT
OF NON-INFRINGEMENT AND TO DISMISS DEFENDANT'S COUNTERCLAIMS
OR, IN THE ALTERNATIVE, ENTER FINAL JUDGMENT
ON INLINE'S INFRINGEMENT CLAIM UNDER RULE 54(b)**

Ten months after the Court's Markman Order [Dkt. No. 47] and six months after the depositions of the putative inventors of the patents-in-suit, Plaintiff / Counterclaim-defendant Inline Plastics Corp. ("Inline"), with its Motion for Entry of Judgment of Non-Infringement and to Dismiss Defendant's Counterclaims or, in the Alternative, Enter Final Judgment on Inline's Infringement Claim under Rule 54(b) [Dkt. No. 65] (the "Motion"), seeks to package this case for appeal to the Federal Circuit.  Inline's approach does not advance party or judicial economy for several reasons:  (1) it is premature as *all* issues, including patent invalidity, may be disposed of on summary judgment, and dispositive motions are not due under the Scheduling Order until February 24, 2014 [Dkt. No. 59]; (2) it is plainly evident that the patents-in-suit are invalid, in part for reasons that are independent of the Federal Circuit's ultimate ruling on this Court's Markman Order; (3) it invites the specter of multiple appeals to the Federal Circuit; (4) it does

not provide Defendant / Counterclaim-plaintiff EasyPak, LLC ("EasyPak") with adequate protection against further litigation as to U.S. Patent No. 7,073,680 (the "'680 patent"); and (5) it fails to compensate EasyPak for defending against specious claims of infringement, both pre- and post-Markman Order.

Since the January 22, 2013 Markman Order, the parties have engaged in considerable discovery, including a number of depositions and the retention of validity experts. That discovery elicited concessions and admissions demonstrating that the invalidity of the patents-in-suits is plainly evident for several reasons, including Inline's failure to name a co-inventor. Dispositive motions are due by February 24, 2014, and EasyPak's Counterclaims may be decided on summary judgment. Judicial efficiency and conservation of party and judicial resources advise against an appeal of the Markman Order ten months after its issuance but, rather, require a determination of invalidity on the merits.

As EasyPak advised Inline prior to filing of the Motion, EasyPak does not object to an order of summary judgment of non-infringement in its favor as to U.S. Patent No. 7,118,003 (the "'003 patent"). Judgment on that claim should not enter, however, until after a determination of patent invalidity at the summary judgment stage or a verdict at trial. With respect to the '680 patent, EasyPak does not object to it being dismissed, with prejudice; however, the covenant not to sue proposed by Inline is too circumscribed and the parties' adverse legal interests remain "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011). Accordingly, the corresponding counterclaim of invalidity should be decided on its merits. As to both claims, EasyPak ultimately should be awarded its fees, as this is an exceptional case under the Patent Act, 35 U.S.C. § 285, and its costs as EasyPak is the prevailing party.

**PROCEDURAL HISTORY**

In August 2011, Inline filed its Complaint [Dkt. No. 1], alleging that EasyPak infringed the '680 patent and the '003 patent by making, offering to sell, and selling certain plastic containers. In November 2011, EasyPak answered the Complaint and asserted Counterclaims, seeking a declaratory judgment that the patents-in-suit are invalid. [Dkt. No. 11.]

In January 2013, the Court issued its Markman Order [Dkt. No. 47]. In its Motion, Inline concedes that, under the Markman Order, EasyPak is not liable for infringement of the patents-in-suit. [*See* Dkt. No. 65, p. 1.]

Since the Markman Order issued, EasyPak has taken eight depositions, including those of the named co-inventors. In April 2013, EasyPak deposed Bruce Stein, Inline's former manager of new product development and process engineering; August Lanzetta, Inline's Vice President of Sales; Peter Boback, a machinist at Inline; Daniel Landan, Inline's Vice President of Manufacturing; and Robert Sellari, a former draftsman at Inline; and Inline through its President and shareholder, Thomas Orkisz. In July 2013, EasyPak deposed 4Sight, Inc. ("4Sight") through its President and co-owner, Leslie Stuart. These depositions focused on patent invalidity and revealed, among other things, that Inline materially and intentionally omitted the inventor of the tear strip from the patents-in-suit. In October 2013, as a result of Inline's untimely production of documents after the April depositions, EasyPak deposed Mr. Orkisz.

On Wednesday, October 9, 2013, almost ten months after the Court issued the Markman Order, Inline, through its counsel, sent a letter to EasyPak's counsel, purporting to offer an "unconditional[] covenant not to sue" EasyPak:

> based on its manufacture, having manufactured, importation, distribution, use, sale and/or offering for sale of its tamper resistant/evident containers identified with the product identification number WT64-F-TE, that are described in and the

>subject of Inline's August 17, 2011 Complaint and/or February 24, 2012 infringement contentions, for infringement of the '680 patent.

[Dkt. No. 65, Exh. A.]  Inline's letter further purported to agree not to sue or otherwise hold EasyPak's customers or distributors liable.  [*Id.*]  At the same time, Inline asked whether EasyPak would stipulate to dismissal of all claims and defenses related to the '680 patent. (The Declaration of C. Scott ("Scott Dec."), is attached hereto as Exhibit A; Scott Dec., at ¶ 3.)  Inline further asked EasyPak to agree to entry of judgment of noninfringement of the '003 patent and to dismiss, without prejudice, EasyPak's counterclaim regarding the '003 patent.  Scott Dec., ¶ 3.

In response, on Friday, October 11, 2013, EasyPak indicated that it would agree to these terms: (1) that an order of summary judgment of non-infringement enters in favor of EasyPak as to the '003 patent; (2) that a dismissal, *with prejudice*, of Inline's claims concerning the '680 patent enters; (3) that a dismissal of EasyPak's invalidity counterclaim may enter as to the '680 patent, provided that EasyPak is the prevailing party as to Count II; (4) that EasyPak is awarded costs associated with defending that claim and a portion of its fees; and (5) that the covenant not to sue is broadened "to cover past sales and future sales of products in EasyPak's product line [] without limitation to the "product identification number" referenced in the Complaint and the preliminary infringement contentions."  Scott Dec., ¶ 4.  Inline did not respond.  *Id.*, ¶ 5.  Instead, three days later, on Monday, October 14, 2013 (a holiday), Inline filed its Motion, which fails to address these issues.

Pursuant to the Amended Scheduling Order, Inline's expert designations are due October 28, 2013, and EasyPak's expert designations are due on November 25, 2013.  EasyPak has retained an expert and, according to Mr. Orkisz's recent deposition testimony, Inline has retained an expert to opine as to the validity of the '003 patent.   Dispositive motions are due on February 24, 2014.

4

# ARGUMENT

A. **Summary judgment should enter on the '003 patent, and the Court should decide EasyPak's invalidity counterclaim concerning the '003 patent on its merits.**

In its Motion, Inline argues that "this Court should enter judgment of non-infringement of the asserted claims of the '003 patent based on the Court's construction of the terms 'frangible section/frangible section, upon severing', and 'tamper evident bridge' to require 'a removable tear strip, delimited by at least two severable score lines.'" [Dkt. No. 65, p. 7.] EasyPak agrees that summary judgment of non-infringement should enter on Inline's claim of infringement of the '003 patent, but final judgment on that claim should not enter until EasyPak's invalidity counterclaim as to the '003 patent is decided on its merits, either on summary judgment or at trial.

    1. *The District Court should proceed to decide EasyPak's Invalidity Counterclaim on the merits.*

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction [], any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The purpose of the Act is "to prevent avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication." *Cat Tech LLC v. Tubemaster, Inc.*, 528 F.3d 871, 878-79 (Fed. Cir. 2008) (*quoting Minn. Mining & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 673 (Fed. Cir. 1991)). Used in the patent context, the Act "can prevent patent owners from 'brandishing a Damoclean threat with a sheathed sword.'" *Id.* at 878 (*quoting Arrowhead Indus. Water, Inc. v. Ecolochem, Inc,*, 846 F.2d 731, 735 (Fed. Cir. 1988)). The Court has discretion to hear or dismiss a counterclaim for invalidity where it finds no infringement. *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1351 fn.

5

(Fed. Cir. 2003) (*quoting Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998)). Importantly, "a counterclaim questioning the validity . . . of a patent raises issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348 (Fed. Cir. 2005) (*citing Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993); *Altvater v. Freeman*, 319 U.S. 359, 364 (1943)).

Where a finding of non-infringement is coupled with a declaratory judgment counterclaim of invalidity, the Federal Circuit has articulated four alternatives for a district court:

(1) Proceed to trial with remaining invalidity counterclaim, or otherwise dispose of the issue on the merits;

(2) After granting summary judgment of non-infringement, dismiss counterclaim without prejudice;

(3) If there is no "just reason for delay," direct entry of final judgment on non-infringement claim pursuant to Fed. R. Civ. P. 54(b); or

(4) Give plaintiff permission to immediately appeal interlocutory judgments and orders pursuant to 28 U.S.C. § 1292(b), (c)(1).

*Nystrom*, 339 F.3d at 1350-51; *Mangosoft, Inc. v. Oracle Corp.*, 482 F. Supp. 2d 179, 181 (D.N.H. 2007). In both *Nystrom* and *Mangosoft*, the parties had moved for summary judgment. Here, Inline's Motion is premature as dispositive motions are due on February 24, 2014. Because the Court has not yet addressed the merits of the counterclaim at the summary judgment phase, an analysis of the appropriate approach under *Nystrom* is also premature.

Even assuming that the issue is ripe, which EasyPak does not concede, the relevant factors weigh in favor of proceeding with the invalidity counterclaim to allow for an adjudication of invalidity of the '003 patent on the merits.

2. *Resolving EasyPak's Counterclaim on the merits advances party and judicial efficiency.*

Since EasyPak asserted its Counterclaims in November 2011, the issue of patent invalidity has been the subject of extensive investigation and discovery, including the depositions of each of the named co-inventors and the deposition of an unnamed co-inventor. Both parties have retained experts on patent invalidity, and expert disclosure deadlines are imminent.

Because the parties have already spent considerable time and money to resolve the dispute over invalidity, the Court should rule on EasyPak's counterclaim before Inline appeals the issue of infringement of the '003 patent. If the Court dismisses EasyPak's Counterclaims at this point, then all of the work regarding validity will have been a complete waste of party resources and there is a real risk of multiple appeals to the First Circuit.

A determination of EasyPak's Counterclaim on the merits prior to Inline's appeal of the Markman Order would serve judicial efficiency and conserve judicial and party resources. EasyPak anticipates filing a motion for summary judgment on its Counterclaims by February 24, 2014. At that point, the Court may determine that the '003 patent is invalid as a matter of law. If so, Inline would be able to appeal both issues of non-infringement and invalidity to the Federal Circuit at the same time. This approach allows for a <u>single</u> appeal without a trial – a likely outcome in light of the plainly evident invalidity of the '003 patent.

Inline's approach, on the other hand, would invite <u>multiple</u> appeals and a waste of judicial and party resources. Under Inline's proposal, Inline would appeal the Markman Order now, and, if successful in whole or in part, a trial on validity would follow, as would another likely appeal. This piecemeal approach is illogical particularly where, as here, the parties have

engaged in extensive discovery on invalidity, invalidity experts have been retained, and the summary judgment phase is approaching.

### 3. *The Court should resolve EasyPak's Counterclaim on the merits now because the invalidity of the '003 patent is plainly evident.*

In *Leesona Corp. v. United States*, the Court of Claims opined that, "[w]hile the better practice is to treat both the validity and infringement issues . . . it is not always necessary to do so. Where, as here, noninfringement is clear and invalidity is not plainly evident it is appropriate to treat only the infringement issue." 530 F.2d 896, 906 n.9 (Ct. Cl. 1976). Here, invalidity of the '003 patent is plainly evident based on Inline's failure to name a co-inventor and the obviousness of the inventions claimed in Inline's patents. *See* 35 U.S.C. §§ 101, 103, and 116.

In *Messerschmidt v. United States*, the Court found that, where invalidity was plainly evident, it had "the opportunity and perhaps even obligation to decide validity." 29 Fed. Cl. 1, 17 (Ct. Cl. 1993). In fact, "[t]he crucible of deciding validity *at the trial level* [] appears to hinge on whether the defendant presents sufficient evidence to render as 'plainly evident' the invalidity of the patent-in-suit." *Id.* (citations omitted). On cross-motions for summary judgment where the plaintiff sought a judgment of infringement and the defendant sought a judgment of non-infringement and invalidity, the *Messerschmidt* Court determined that invalidity was "plainly evident" and that it was compelled "to proceed with the validity analysis, regardless of the presence or absence of infringement," ultimately granting summary judgment on invalidity in favor of the defendant. *Id.*

Here, EasyPak contends that the '003 patent is invalid because: (1) Inline failed to name a co-inventor as required, constituting a material and intentional omission, *see Adv. Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 828-832 (Fed. Cir. 2010); and (2) the inventions claimed are anticipated and/or rendered obvious by prior art. With regard to Inline's

8

failure to name a co-inventor, 4Sight testified at deposition that 4Sight, not Inline, invented the frangible tamper evidence strip claimed as novel in the '003 patent. However, no 4Sight employees were listed as co-inventors in either the '003 or the '680 patent.

With regard to the obviousness of the inventions claimed, EasyPak has outlined the extent of the relevant prior art in its Preliminary Non-Infringement and Invalidity Contentions [Dkt. No. 23]. Furthermore, in the Markman Order, the Court indicated its own skepticism concerning the validity of the '003 patent and the obviousness of its claims. [Dkt. No. 47 ("It is clear from the evidence, however, that the '003 Patent survived prosecutorial muster, in no small part, by the PTO mistakenly allowing Inline to introduce a new and ambiguous term in order to cloak a separate term clearly disclosed by prior art.").] Deposition testimony of Inline and its employees demonstrates Inline's awareness of prior art affecting the novelty of Inline's patent claims, including Inline's claims concerning its tamper-evident strip, buried flange, and secondary lock.

### 4. *Resolving EasyPak's Counterclaim now is in the public interest.*

As discussed, *supra*, the United States Supreme Court has recognized the public's substantial interest in the determination of a patent's validity. *Cardinal Chem.*, 508 U.S. 99-101; *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945). Inline has brought infringement claims on the '003 patent against a number of companies, including PWP Industries and Par-Pak Ltd. Because Inline has taken an aggressive approach in asserting its rights in the '003 patent, there is a legitimate public interest in determining validity.

### B. The '680 patent should be dismissed with prejudice, and the Court should decide EasyPak's Counterclaim concerning the '680 patent on its merits.

In its Motion, Inline represents that it is "withdrawing the '680 patent from suit, granting EasyPak a covenant not to sue" [Dkt. No. 65, p. 1 n.1], and moves for dismissal of its claim of

9

infringement of the '680 patent [*Id.*, pp. 3, 11-12.] Inline does not articulate whether the dismissal should be with or without prejudice.  Inline contends that, as a result of the proposed dismissal and its purported covenant not to sue for infringement of the '680 patent, the Court is divested of subject matter jurisdiction over EasyPak's invalidity counterclaims.[1]  [Dkt. No. 65, p. 7.]

EasyPak does not take issue with a dismissal, <u>with</u> prejudice, of Inline's claim of infringement of the '680 patent.  However, because (1) the covenant not to sue is limited (and Inline, upon EasyPak's request, declined to broaden its scope), and (2) Inline may, in fact, seek dismissal of its infringement claim <u>without</u> prejudice, EasyPak maintains that a live controversy on the '680 patent continues to exist between the parties and that the Court retains subject matter jurisdiction over its counterclaim of invalidity.

Assuming that Inline moves to dismiss EasyPak's invalidity counterclaim on the '680 patent for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court must credit EasyPak's well-pled factual allegations and draw all reasonable inferences in its favor. *See Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (*citing Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001)).  To determine whether it has jurisdiction over a declaratory judgment claim, the Court must consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal

---

[1] In support of this argument, Inline cites two cases, *Super Sack Mfg. Corp. v. Chase Pkg. Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) and *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284 (D. Mass. 2005), that applied a two-part analysis for determining justiciability of declaratory judgment suits.  This test was subsequently rejected as unduly restrictive by the United States Supreme Court in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 132 n.11 (2007).  *See Cat Tech*, 528 F.3d at 879-880.
   Inline also cites *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350 (Fed. Cir. 2013), to support its argument that, where judgment of non-infringement enters, the District Court lacks subject matter jurisdiction over counterclaims of invalidity. [Dkt. No. 65, p. 8.]  In *Monsanto*, however, no judgment of non-infringement had entered (in fact, no claims of infringement had been made at all), and the Federal Circuit's analysis there is not analogous.

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Cat Tech*, 528 F.3d at 879 (*quoting MedImmune*, 549 U.S. 118, 127 S.Ct. at 771).

"A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." *Cardinal Chem..*, 508 U.S. at 96. In *Cardinal Chem.*, the Supreme Court recognized a number of compelling justifications for considering validity after a finding of non-infringement, including: an allegedly infringing company's concern about the risk of future litigation "if it develops and markets similar products in the future;" the "strong public interest in the finality of judgments in patent litigation;" and "the importance to the public at large of resolving questions of patent validity." *Id.* at 99-100 (citations omitted). The *Cardinal Chem.* Court also discussed its decision in *Sinclair & Carroll Co.*, 325 U.S. 327, which:

> approved of the District Court's decision to consider the question of validity even though it had found that a patent had not been infringed. Criticizing the contrary approach taken by other courts, we stated that 'of the two questions, validity has the greater public importance [], and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent.'

*Cardinal Chem.*, 508 U.S. at 100.

Unlike *Cardinal Chem.*, there has been no finding of infringement here and Inline does not propose that the Court should enter one. Instead, Inline proposes to "withdraw" its claim of infringement of the '680 patent. Any withdrawal does not deprive the Court of jurisdiction over EasyPak's invalidity declaratory judgment counterclaim. Even if the Court did make a finding of non-infringement of the '680 patent, however, the Court would still maintain subject matter jurisdiction over EasyPak's invalidity counterclaim. *See Cardinal Chem.*, 508 U.S. at 96-103; *Solomon Techs., Inc. v. Int'l Trade Comm'n*, 524 F.3d 1310, 1319 (Fed. Cir. 2008) (*citing Cardinal Chem.*, 508 U.S. at 96) ("In district court cases in which validity is asserted as a counterclaim, the Supreme Court has held that the question of validity does not become moot

11

when there has been a determination of noninfringement. For that reason, it is ordinarily necessary for the district court, and this court on appeal, to address the counterclaim even if noninfringement has been found."); *Telcordia Techs., Inc. v. Cisco Systs., Inc.*, 612 F.3d 1365, 1375 (Fed. Cir. 2010) ("[T]his court's affirmance of the district court's non-infringement findings [] does not moot [] invalidity counterclaim on cross-appeal."). Inline concedes this point in its Motion. [Dkt. No. 65, pp. 8-9 (citations omitted) ("'A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion.'").]

Similarly, the purported covenant not to sue does not deprive the Court of jurisdiction over the Counterclaim because Inline's covenant not to sue is not unconditional. Instead, Inline's covenant not to sue on the '680 patent is limited to EasyPak's WT64-F-TE product as identified in Inline's Complaint and infringement contentions. Inline did not respond to EasyPak's request to broaden the scope of the covenant not to sue to cover additional products. Scott Dec., ¶ 5. Because the covenant is limited in scope, the specter of continued litigation (based on alleged infringement of the '003 patent and/or other EasyPak products not currently at issue in the litigation, or even a product offered under a different product number) remains, and a live controversy still exists between the parties. *See Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, No. 06-259, 2008 WL 4487910, at *3 (D. Del. Oct. 3, 2008) ("the court is unwilling to agree that the subject matter jurisdiction has been eliminated" where continued litigation remains a possibility).

Furthermore, for the reasons articulated in section A, *supra*, the Court should deny Inline's motion to dismiss EasyPak's counterclaim of invalidity of the '680 patent and decide it on its merits, either at the summary judgment phase or at trial.

### C. If the Court enters a judgment of non-infringement, EasyPak should be awarded its fees and costs.

Fed. R. Civ. P. 54(d) provides that, "unless a federal statute, these rules, or a court order provides otherwise, costs [] should be allowed to the prevailing party." A prevailing party is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded[.]" *Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 603 (2001) (*quoting* Black's Law Dictionary 1145 (7th ed. 1999)). "In determining whether a party is a prevailing party in patent litigation," the Federal Circuit applies "the general principle that 'to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties.'" *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (*quoting Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003)).

In addition to an award of costs, section 285 of the Patent Act provides that, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Exceptional cases generally feature "some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citations omitted). An alleged infringer deemed to be the prevailing party may be awarded its fees under section 285 if: "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id.* (citations omitted). Recently, however, on October 24, 2013, the United States Supreme Court granted certiorari in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 496 Fed. Appx. 57 (Fed. Cir. 2012), *cert. granted*, 81 U.S.L.W. 3567 (U.S. Oct. 1, 2013) (No. 12-1184). At issue in

13

*Octane* is whether this rigid two-part test for determining whether a case is "exceptional" under 35 U.S.C. § 285 sets an unfair standard for alleged infringers to recoup fees.

Here, the Markman Order issued in January 2013. At that point, if not earlier, Inline knew that its claims of infringement of the '003 and the '680 patents were infirm. Instead of filing a motion to dismiss or enter judgment of non-infringement at that point, however, Inline proceeded with discovery, focusing on EasyPak's invalidity counterclaims. Now, after ten months and the accrual of considerable attorneys' fees, Inline seeks to delay or avoid a decision on the merits of EasyPak's counterclaims and concedes non-infringement as to both patents-in-suit.

To the extent that the Court enters judgment in favor of EasyPak on Inline's claim of infringement of the '003 patent and dismisses Inline's claim of infringement of the '680 patent, EasyPak anticipates filing a motion to recover its costs and fees as the prevailing party.

## CONCLUSION

For the foregoing reasons, Inline's Motion should be denied to the extent it seeks to dismiss EasyPak's Counterclaims and/or to enter final judgment on Inline's infringement claim pursuant to Fed. R. Civ. P. 54(b).

EasyPak does not object to Inline's request for summary judgment of non-infringement of the '003 patent in favor of EasyPak or to Inline's dismissal with prejudice of the claim of infringement of the '680 patent. If Inline's infringement claims are dismissed and/or judgment is entered thereon, EasyPak will move for an award of costs and fees at the appropriate time.

EASYPAK, LLC

By Its Attorneys,

/s/ Craig M. Scott
Craig M. Scott (BBO No. 556210)
cscott@scottbushlaw.com
Anastasia A. Dubrovsky (BBO No. 673950)
adubrovsky@scottbushlaw.com
Scott & Bush Ltd.
One Turks Head Place, Fourth Floor
Providence, RI 02903
(401) 865-6035
(401) 865-6039 Fax

Dated: October 28, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2013, a true copy of the foregoing *Memorandum* was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including those listed below, and copies will be mailed to those indicated as non-registered participants.

        David Cotta, Esq.
        Adam P. Samansky, Esq.
        Edwards Wildman Palmer LLP
        111 Huntington Avenue
        Boston, MA 02199-7613

        David J. Silvia, Esq.
        Barry Kramer, Esq.
        Edwards Wildman Palmer LLP
        One Canterbury Green
        201 Broad Street
        Stamford, Connecticut  06901

        /s/ Craig M. Scott