## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| INLINE PLASTICS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **NO. 11-11470-TSH** |
| EASYPAK, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER ON PLAINTIFF INLINE PLASTICS CORP.'S MOTION FOR ENTRY OF JUDGMENT OF NON-INFRINGEMENT AND TO DISMISS DEFENDANT'S COUNTERCLAIMS OR, IN THEALTERNATIVE, ENTER FINAL JUDGMENT ON INLINE'S INFRINGEMENTCLAIM UNDER RULE 54(B) (Doc. No. 64)
### January 24, 2014

HILLMAN, D.J.

### Introduction

Plaintiff Inline Plastic Corp. ("Inline") filed its Complaint against Defendant EasyPak, LLC ("EasyPak") for infringement of U.S. Patent No. 7,118,003 (the "'003 patent") (Count I) and U.S. Patent No. 7,073,680 (the "'680 patent") (Count II). EasyPak answered the Complaint and asserted Counterclaims seeking a declaratory judgment that the '003 patent (Count II) and '680 patent (Count I) are invalid. In January 2013, this Court issued its Markman Order (Doc. No. 47). The parties agree that, under the Markman Order, judgment of non-infringement of the '003 patent should enter. In its present motion, Inline asks this Court to enter judgment immediately and dismiss EasyPak's Counterclaim regarding the '003 patent, without prejudice. EasyPak opposes this request, arguing that the Court should wait to enter judgment of non-infringement of

1

the '003 patent until after a determination of patent invalidity at either summary judgment or

trial. Inline has also granted EasyPak a covenant not to sue or hold liable EasyPak, or its

customers or distributors, based on any infringement of the '680 patent by the EasyPak product at

issue in this suit, identified by product identification number WT64-F-TE.[1] As a result of this

covenant, Inline asks this Court to dismiss Count II of its Complaint and Count I of EasyPak's

Counterclaim for lack of subject matter jurisdiction. For the reasons set forth below, Inline's

motion is granted.

<u>Discussion</u>

*Entry of Judgment on the '003 Patent Claim and Counterclaim*

As mentioned above, the parties agree, and the Court finds, that under this Court's claim

construction EasyPak is entitled to judgment on Count I of Inline's Complaint. When, after a

claim construction ruling, an infringement claim is resolved while an invalidity claim remains

unresolved, a district court may proceed in one of four ways. *See Nystrom v. TREX Co., Inc.*,

339 F.3d 1347, 1350-51 (Fed. Cir. 2003). First, the district court could proceed with the

unresolved invalidity claim until it has been disposed of on the merits. *Id*. at 1350. Second, the

district court could, in its discretion, enter judgment of non-infringement and dismiss the

invalidity counterclaim without prejudice. *Id*. at 1351; *see also Liquid Dynamics Corp. v.

Vaughan Co.*, 355 F.3d 1361, 1371 (Fed.Cir.2004) ("A district court judge faced with an

---

[1] The wording of the covenant not to sue is as follows:

Inline unconditionally covenants not to sue or otherwise seek to hold EasyPak, LLC ("EasyPak") liable based on its manufacture, having manufactured, importation, distribution, use, sale and/or offering for sale of its tamper resistant/evident containers identified with the product identification number WT64-F-TE, that are described in and the subject of Inline's August 17, 2011 Complaint and/or February 24, 2012 infringement contentions, for infringement of the '680 patent. Similarly, Inline would not sue or otherwise seek to hold EasyPak's customers or distributors liable based on the importation, distribution, use, sale, and/or offering for sale of the tamper resistant/evident containers identified with the product identification number WT64-F-TE, that are described in and the subject of Inline's August 17, 2011 Complaint and/or February 24, 2012 infringement contentions, for infringement of the '680 patent.

Inline is the owner of the entire right and title to the '680 patent and makes this covenant on behalf of itself and any successor-in-interest that Inline may have to the '680 patent, on whom it will be fully binding.

invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion.").  Third, the district court could expressly direct the entry of final judgment of fewer than all of the claims under Fed.R.Civ.P. 54(b) if it finds there is no just reason for delay.  *Id.*  Finally, the district court could certify the ruling for interlocutory appeal under 28 U.S.C. § 1292(b) if the court finds the ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Id.*

In this case, EasyPak requests that the Court proceed with the invalidity claim, while Inline asks the Court to enter judgment immediately and dismiss the counterclaim without prejudice, or, in the alternative, to direct the entry of judgment under Fed.R.Civ.P 54(b).  In this case, the Court finds that the '003 patents invalidity is not "plainly evident" and thus the best and most efficient way to resolve this matter is to enter judgment of non-infringement on Count I of Inline's Complaint and to dismiss Count II of EasyPak's Counterclaim without prejudice.  *See Messerschmidt v. United States*, 29 Fed. Cl. 1, 17 (Fed. Cl. 1993) aff'd, 14 F.3d 613 (Fed. Cir. 1993) ("The crucible of deciding validity at the trial level, therefore, appears to hinge on whether the defendant presents sufficient evidence to render as 'plainly evident' the invalidity of the patent-in-suit.").

Allowing EasyPak's invalidity claims to proceed at this time might result in the re-litigation of those claims. As the Federal Circuit has explained, "[a] claim must be construed before determining its validity just as it is first construed before deciding infringement." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n. 7 (Fed.Cir.1995)).  Claims must be

"given the same meaning for purposes of both validity and infringement analysis." *Id.* Therefore, the most efficient path is to enter judgment of non-infringement on Inline's Count I and dismiss Count II of Easypak's Counterclaim, allowing Inline to immediately appeal the Court's claim construction.  If this Court's claim construction order is reversed, infringement and invalidity can both be addressed under the correct claim construction.

*Dismissal of the '680 Patent Claim and Counterclaim*

Inline moves that Count II of its Complaint be dismissed, and agreed at oral argument that it be dismissed with prejudice. Inline also asks this Court to dismiss Count I of EasyPak's Counterclaim, which asks for a declaration of invalidity of the '680 patent, because there is no longer an actual controversy between the parties in light of the covenant not to sue Inline has granted EasyPak, the full text of which is reproduced in footnote 1 of this order. EasyPak opposes the dismissal of its Counterclaim, because, it argues, the covenant to sue is not unconditional.

Subject matter jurisdiction in a declaratory judgment suit depends on the existence, at all stages of review, of "'a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment,' and the plaintiff bears the burden of proving the existence of such a controversy throughout the litigation." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764 (2007)).  A case or controversy exists in a declaratory judgment action "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where the party contends that it has the right to engage in the accused activity without a license." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed.Cir.2007).  "Whether a covenant

not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

In *Revolution Eyewear*, the Federal Circuit found that the district court retained subject matter jurisdiction where the covenant not to sue did not bar future infringement actions if the accused infringer again offered for sale the allegedly infringing articles.  *Id*. at 1300*; see also Dow Jones & Co.*, 606 F.3d at 1347.  In contrast, courts have found no controversy exists where covenants not to sue have included past and future actions regarding the accused products.  *See, e.g.*, *Janssen Pharmaceutica, N.V. v. Apotex, Inc*., 540 F.3d 1353, 1363 (Fed. Cir. 2008) (dismissing declaratory judgment action based on covenant not to sue defendant, its customers, or its distributors based upon manufacture, importation, manufacture, use, sale, or offering of sale of risperdal oral solution for infringement of patents); *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 293 (D. Mass. 2005) (dismissing claim based on covenant not to sue, noting "covenant not to sue encompasses all of the accused products in this lawsuit"); *CIVCO Medical Instruments Co. v. Protek Medical Prods*., 231 F.R.D. 555, 557 n. 2 (S.D.Iowa 2005) (dismissing claim where the patentee covenanted not to sue "for infringement as to any claims of the ′889 and ′499 patents based upon Protek's DirectorTM needle guide in its current form.").

Here, the covenant not to sue protects EasyPak as well as its customers and distributors from suit for infringement of the '680 patent based on any "manufacture, having manufactured, importation, distribution, use, sale and/or offering for sale" the accused product. This language protects EasyPak, and its customers and distributors, from suit for both past and future actions for any infringement of the '680 patent by the product in suit.  Inline cannot now, nor in the future, assert rights under the '680 patent based on the product which is the subject of this

litigation. Therefore, a case or controversy no longer exists and Count I of EasyPak's counterclaim must be dismissed for lack of subject matter jurisdiction.

Conclusion

Inline's Motion for Entry of Judgment of Non-Infringement and to Dismiss Defendant's Counterclaims is ***granted***.  In accordance with the foregoing, this Court orders that judgment of non-infringement be entered on Count I of Inline's Complaint and that Count II of EasyPak's Counterclaim be dismissed without prejudice. Further, this Court orders that Count II of Inline's Complaint be dismissed with prejudice, and Count I of EasyPak's Counterclaim be dismissed for lack of subject matter jurisdiction.

SO ORDERED

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE