# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INLINE PLASTICS CORP., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **CIVIL ACTION** |
| | )    **NO. 11-11470-TSH** |
| EASYPAK, LLC, | )<br>) |
| Defendant. | )<br>) |

## ORDER ON PLAINTIFF INLINE PLASTICS CORP.'S MOTION FOR DISALLOWANCE AND ALTERNATIVE REQUEST TO STAY CONSIDERATION OF EASYPAK, LLC'S BILL OF COSTS (Docket No. 100)
**June 12, 2014**

HILLMAN, D.J.

On January 24, 2014, this Court entered judgment of non-infringement in EasyPak, LLC's ("EasyPak") Favor of Count I of Inline Plastic Corp.'s ("Inline") Complaint, concerning U.S. Patent No. 7,118,003. The Court also dismissed with prejudice Count II of Inline's Complaint concerning U.S. Patent No.7,073,680. Given Inline's unconditional covenant not to sue EasyPak on the '680 patent, this Court dismissed EasyPak's corresponding invalidity counterclaim for lack of subject matter jurisdiction. On February 4, 2012, judgment entered in this case in favor of EasyPak. On February 14, 2014, Inline filed a Notice of Appeal. Also on February 14, 2014, EasyPak filed an Unopposed Motion to Stay Briefing on the Fee Application and Notice of Intention to Claim an Award of Attorneys' Fees, which this Court granted. On February 18, 2014, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, EasyPak filed its Bill

1

of Costs and supporting affidavit. On February 28, 2014, Inline filed the instant motion, asking the Court to disallow or, in the alternative, stay consideration of EasyPak's Bill of Costs.

Under Fed.R.Civ.P. 54 (d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Inline first argues that EasyPak's Bill of Costs should be disallowed because it is premature under the District of Massachusetts' guide to Taxation of Costs (the "Guide").[1] This Court disagrees. The Guide notes that the District of Massachusetts does not have a formalized rule regarding timely filing, requiring only "that bills of costs must be filed within a reasonable time after the conclusion of litigation," but that the procedure described in the Guide has come to represent the practice of the District. *See* the Guide, at n. 6; *see also Bergeron v. Cabral*, 393 F. App'x 733, 734 (1st Cir. 2010) ("neither the Federal Rules nor the Local Rules of this court set a deadline for the filing of a Bill of Costs. If the local rules do not address the issue, a motion for costs is not subject to any particular time limitation, but instead must be filed within a reasonable time." (internal quotations omitted)). The Guide states that a Bill of Costs "must be filed within fifteen (15) days of the earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or (ii) receipt by the Clerk of the Mandate of the Court of Appeals." This procedure does not preclude the filing of a Bill of Costs prior to this deadline, and, as stated above, this is a mere guideline rather than a formalized rule. EasyPak filed its Bill of Cost within a reasonable time, 14 days, after the entry of judgment that concluded the litigation, and after Inline filed its Notice of Appeal. Therefore, EasyPak's Bill of Costs will not be disallowed as premature.

In the alternative, Inline asks this Court to stay consideration of the Bill of Costs until the Federal Circuit's disposition of Inline's appeal for the general reasons advanced in EasyPak's

---

[1] The Guide is available at http://www.mad.uscourts.gov/resources/pdf/taxation.pdf.

Motion to Stay Briefing on the Fee Application and Notice of Intention to Claim an Award of Attorneys' Fees. In that motion, EasyPak asked this Court to stay briefing on its request for attorney's fees because the Supreme Court is hearing two cases this term concerning the "exceptional case" standard for attorneys' fees under 35 U.S.C. § 285, and because it would be a waste of judicial resources for this Court to engage in an analysis of whether this is an "exceptional case" when the Federal Circuit's disposition of the appeal of this case may render that determine moot. Neither of these arguments applies to the consideration of the Bill of Costs. Unlike the award of attorney's fees, costs are presumptively awarded to the prevailing party. Fed. R. Civ. P. 54 (d) (1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); *In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig*., 994 F.2d 956, 962 (1st Cir. 1993) (noting that there is a "background presumption favoring cost recovery for prevailing parties"). Inline has presented no reasons why this presumption would not operate in this case; as such, it would be no great waste of judicial resources for this Court to consider EasyPak's Bill of Costs presently.

    Inline's Motion for Disallowance and Alternative Request to Stay Consideration of EasyPak's Bill of Costs is, therefore, ***denied***.

SO ORDERED.

                                                              ***/s/ Timothy S. Hillman***
                                                              **TIMOTHY S. HILLMAN**
                                                              **UNITED STATES DISTRICT JUDGE**